**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **XYZ LLC,** | |
| Plaintiff, | |
| v. | **Civil Action No. 1:25-cv-4500** |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** | |
| Defendants. | |

<u>**ORIGINAL COMPLAINT**</u>

Plaintiff ███████████████████ ("Plaintiff") hereby brings this patent infringement action against the Partnerships and Unincorporated Associations identified in Schedule A (collectively, "Defendants") and alleges as follows:

**INTRODUCTION**

1.      Plaintiff files this action to combat foreign patent infringers who trade upon Plaintiff's patented invention by selling, offering for sale, and/or importing unlicensed products, namely the ███████████████ shown in Exhibit 1 ("Infringing Product"). The Defendants operate several Amazon storefronts ("Defendant Online Stores") that, upon information and belief, sell Infringing Products to Illinois consumers. The Defendant Online Stores share unique identifiers, such as identical product images, specifications, advertising, design elements, and the ████████████████ themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful

patent rights to exclude others from making, using, selling, offering for sale, and importing its patented invention as a result of Defendants' actions and seeks equitable relief.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3.      This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Online Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating the Defendant Online Stores through which Illinois residents can and do purchase Infringing Products. Defendants target sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in United States dollars and, on information and belief, have sold Infringing Products to residents of Illinois. *See* Exhibit 2, Illinois Offers for Sale. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are believed to be Chinese entities.

## THE PARTIES

5.      Plaintiff is a ▮▮▮▮ limited liability company with a principal place of business in ▮▮▮▮▮▮▮ Plaintiff is the owner by assignment of the United States Patent identified in Exhibit 4 ("Patent").

6.    Upon information and belief, Defendants are Amazon storefronts operating from the perceived safety of China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the Defendant Online Stores.

7.    Upon information and belief, Defendants are under the common control of one entity or individual. They are an interrelated group of infringers working in active concert to willfully offer for sale, sell, and/or import into the United States the Infringing Product which directly infringes the Patent in the same transaction, occurrence, or series of transactions or occurrences. As one example, Defendants



. The products, marketing materials, and packaging are similar across all Defendants, which demonstrates that each Defendant is related. For instance, Defendants highlight the same features across their products such as:

. Tactics used by Defendants to conceal their identities, and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringement network. In the event that Defendants

provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.



8.      Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Online Stores. On information and belief, Defendants regularly create new Amazon storefronts to allocate potential liability. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down in response to infringement notices.

9. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also

typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

9. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from United States based PayPal accounts to China based bank accounts outside the jurisdiction of this Court.

## THE PATENTED TECHNOLOGY

10. The Patent was filed on ███████████ and duly issued ███████████

11. The Patent discloses a ███████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████

████████████████ Among other advantages, this approach ensures compatibility with various devices and enhances power management efficiency.

12.     Plaintiff is the owner of the Patent with all substantive rights in and to the Patent, including the sole and exclusive right to prosecute this action and enforce the Patent against infringers, and to collect damages for all relevant times.

13.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the Patent.

14.     The Patent enjoys a presumption of validity pursuant to the 35 U.S.C. § 282.

## THE INFRINGING PRODUCT

15.     Defendants sell, offer to sell, and/or import the ████████ Infringing Product. The Infringing Product is ██████████████████████████████████ ████████████████████████ *See* Exhibit 1.



16.     Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patent.

17.     Defendants have had actual notice of the Patent since at least the filing of the Complaint. To these ends, Defendants' infringement of the Patent is and continues to be willful and with utter disregard for Plaintiff's patent rights.

## COUNT I: PATENT INFRINGEMENT
### (35 U.S.C. § 271)

18.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

19.     Defendants offer for sale, sell, and/or import into the United States the Infringing Product which infringes one or more claims of the Patent, either literally and/or under the doctrine of equivalents, despite actual notice of the Patent. Defendant's infringement in this regard is willful and continuous.

20.     For example, the Infringing Product meets each and every limitation of at least Claim 1 of the Patent. An exemplary infringement chart is attached as Exhibit 3.

21.     Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(1)     A judgment in favor of Plaintiff and against Defendants for willful infringement of the Patent, pursuant to 35 U.S.C. § 281;

(2)     That Plaintiff be awarded damages against Defendants that are adequate to compensate Plaintiff for infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, pursuant to 35 U.S.C. § 284;

(3)     That the Court increase the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284;

(4)     That Plaintiff be awarded its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(5)     Any and all other relief that this Court deems just and proper.

Dated: April 25, 2025

Respectfully submitted,

By: */s/ Stevenson Moore*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*